## ST. CLAIR FOUNDRY CO. v. UNION JACK CO. et al.

(Circuit Court of Appeals, Seventh Circuit. January 7, 1913.)

Nos. 1,578 and 1,871.

PATENTS (§ 328*)—VALIDITY AND INFRINGEMENT—LIFTING JACK.

The Cox patent, No. 686,591, for a lifting jack, claims 2 to 5, inclusive, are void for anticipation in the prior art. Claim 1, if conceded validity, *held* not infringed.

Appeal from the Circuit Court of the United States for the District of Indiana; Albert B. Anderson, Judge.

Suit in equity by the St. Clair Foundry Company against the Union Jack Company and John A. Phillips. Decree for defendants, and complainant appeals. Affirmed.

John C. Higdon, of St. Louis, Mo., for appellant.
V. H. Lockwood, of Indianapolis, Ind., for appellees.

Before BAKER and SEAMAN, Circuit Judges, and HUMPHREY, District Judge.

HUMPHREY, District Judge. This is a bill averring infringement of six patents issued at various times to William H. Cox, and praying an injunction. The case was before this court at the October term,

1910, and was remanded for further proofs on the question of complainant's title. We are of opinion that as to all, except the fifth patent in suit, being No. 686,591, the further proofs do not show any legal title in complainant.

Patent No. 686,591, issued to W. H. Cox November 12, 1901, is for a lifting jack. The five claims are each for a combination of elements, all except the first of which we find to be fully anticipated in the prior art. Indeed, it is not necessary to look further than the prior Cox patents for such anticipation. The essential feature of claim 1 is the slot therein described.

"1. In a lifting jack, the combination with a standard, and a pair of runners loosely mounted thereon, and provided with clutching means, of a hand operating lever fulcrumed on one of the runners, said runner having a slot therein curved in the arc of a circle whose center is the pivotal point of the hand operating lever, and a pitman pivotally connected to the hand operating lever and one of the runners, the pitman extending up into the interior of the runner to which the hand operating lever is pivoted, and a wrist pin which connects the pitman with said lever extending through the curved slot in the side of the runner so that the ends of said slot constitute stops for the extreme movements of the hand operating lever."

The purpose of the slot is to "constitute stops for the extreme movement of the hand operating lever." Even if this claim be held valid, defendants' device is no infringement.

In defendants' structure, the movement of the lever is limited at one end by a crossbar and at the other end by a flange. At neither end does the slot perform the function of stopping the lever. As the patent is for a combination, every element of the combination must be used, or there is no infringement.

The decree of the Circuit Court is affirmed.